Marc Voisenat (CSB# 170935)
2329A Eagle Avenue
Alameda, Ca. 94501
Tel: (510) 263-8664
Fax: (510) 272-9158

Attorney for Plaintiff
George Charles Moore, Jr.

# UNITED STATES BANKRUPTY COURT

# NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| In re:<br><br>George Charles Moore, Jr.<br><br>      Debtors | Case No.: 18-41666<br><br>Chapter 13<br><br>Adv. No. 19-04030 |
| George Charles Moore, Jr<br><br>      Plaintiff,<br>vs.<br><br>Bank of New York Mellon, fka the Bank of New York, As Trustee for the, Ceritificateholders of CWABS, Inc. Asset-Backed Certificates, Series 2007-13, Shellpoint Mortgage Servicing AND DOES 1-10.<br><br>      Defendants. | **OPPOSITION TO MOTION TO DISMISS COMPLAINT AND REQUEST FOR LEAVE TO AMEND COMPLAINT**<br><br>Date:  August 8, 2019<br>Time:  11:00 a.m.<br>Crtrm:  201 |

1. **Argument:**

    a. **Standards for Motion to Dismiss**

    A dismissal for failure to state a claim will be upheld if it appears to a certainty that the plaintiff can prove no set of facts in support of her claim that would entitle her to relief.

Litchfield v. Spielberg, 736 F.2d 1352, 1357 (9th Cir. 1984), cert. denied, ___ U.S. ___, 105 S.Ct. 1753, 84 L.Ed.2d 817 (1985).

Therefore, a complaint should not be dismissed "unless it appears beyond doubt that the plaintiff can prove no set of facts in support of her claim which would entitle her to relief." Conley v. Gibson, 355 U.S. 41, 45-46 (1957). A motion to dismiss under Federal Rule of Civil Procedure 12(b) (6) tests the legal sufficiency of the claims asserted in the complaint. The issue on a motion to dismiss for failure to state a claim is not whether the claimant will ultimately prevail, but whether the claimant is entitled to offer evidence to support the claims asserted. Gilligan v. Jamco Dev. Corp., 108 F.3d 246, 249 (9th Cir.1997).

Rule 12(b)(6) is read in conjunction with Rule 8(a), which requires only a short and plain statement of the claim showing that the pleader is entitled to relief. Fed. R. Civ. P. 8(a)(2). Dismissal of a complaint for failure to state a claim is not proper where a plaintiff has alleged "enough facts to state a claim to relief that is plausible on its face." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 127 S.Ct. 1955, 1974, 167 L.Ed.2d 929 (2007). In keeping with this liberal pleading standard, the court should grant the plaintiff leave to amend if the complaint can possibly be cured by additional factual allegations. Doe v. United States, 58 F.3d 494, 497 (9th Cir.1995).

For the reasons set forth below, the plaintiff can allege and prove facts sufficient to state a claim for relief.

A. **Movant Cannot Establish That Debtor Had Actual Knowledge of the In Rem Order**

The debtor's complaint states he did not receive certain notices regarding the request for an In rem Order. [Cpl. par 16 and 19] The debtor never received notice of the In Rem Order prior to the foreclosure sale. The debtor was not a party in the case from which the In Rem Order issued. It appears undisputed that the debtor was not served with the signed In Rem Order.

Nevertheless, movant contends he should be bound by this Order because he was a party to the action because he was mailed a copy of the motion for relief.

Due process demands that the debtor have sufficient notice to allow him a meaningful opportunity to be heard before he loses his real property. Moreover, it was reasonable for the plaintiff to rely on the Orders extending the automatic stay in this current case and his prior case. Defendant does not cite any authority why the recordation of the In Rem Order did not violate the Court's Order extending the automatic stay entered on July 11, 2017. [Cpl. Par 24] Particularly when defendant was aware of the request for an extension of the automatic stay and failed to object to the requested relief.

Defendant's state that "Plaintiff had ample time and opportunity to challenge the In Rem RFS Motion from June 22, 2017 through August 7, 2017 but he did not do so." [MPA pg. 10:25-26]. But there is not evidence that plaintiff had any notice of the existence of the In rem Order since it was not recorded until September 26, 2017. [Cpl. par 20].

Plaintiff's knowledge of the In Rem Order is a disputed fact and plaintiff would requeste leave to amend if not sufficiently pled in the complaint.

### B. The Recordation Of The In Rem Order During Moore's 4th Bk Violated The Automatic Stay

It is undisputed that plaintiff has an interest in the subject property when the defendant recorded their In Rem Order. As set forth in the complaint, On September 27, 2018, BONY foreclosed on Mr. Moore's property located at 3000 56th Avenue, Oakland, CA 94605 and a Trustee's Deed Upon Sale was recorded on November 21, 2018. Pursuant to 11 U.S.C. §541(a) all property of the estate is protected by the automatic stay. Section 362(a)(3) of the Bankruptcy Code provides that the filing of a bankruptcy petition "operates as a stay, applicable to all entities, of ... any act to obtain possession of property of the estate or of property from the estate or to exercise control over property of the estate." 11 U.S.C. § 362(a)(3). Allentown Ambassadors, Inc. v. Northeast Am. Baseball, LLC (In re Allentown Ambassadors, Inc.) 361

B.R. 422, 434(Bankr.E.D.Pa. 2007). Actions taken in violation of the automatic stay are void and of no legal effect. In re Schwartz, 954 F.2d 569 (9th Cir. 1992). Section 362 of the bankruptcy code imposes an affirmative duty on a creditor to discontinue those acts which violate the automatic stay. See Eskanos & Adler v. Leetien, 309 F.3d 1210 (9th Cir.2002). As a matter of basic policy, "[b]ankruptcy jurisdiction, as understood today and at the time of the framing, is principally in rem jurisdiction." Cent. Va. Cmty. Coll. v. Katz, 546 U.S. 356, 369, 126 S. Ct. 990, 1000, 163 L. Ed. 2d 945 (2006). "[T]he jurisdiction of courts adjudicating rights in the bankrupt estate included the power to issue compulsory orders to facilitate the administration and distribution of the res." Id. at 362, 126 S. Ct. at 996. A court, however, must have possession of the res in order to obtain in rem jurisdiction over its distribution. For example, by analogy to in rem admiralty cases-an analogy the Supreme Court has found applicable to bankruptcy, see Tenn. Student Assistance Corp. v. Hood, 541 U.S. 440, 446- 47, 124 S. Ct. 1905, 1910, 158 L. Ed. 2d 764 (2004), The Eleventh Circuit said that "[o]nly if the court has exclusive custody and control over the [res] does it have jurisdiction over the [res] so as to be able to adjudicate rights in it that are binding against the world," Odyssey Marine Exploration, Inc. v. Unidentified Shipwrecked Vessel, 657 F.3d 1159, 1171 (11th Cir. 2011) (quoting R.M.S. Titanic, Inc. v. Haver, 171 F.3d 943,964 (4th Cir. 1999)) (internal quotation marks omitted). The Bankruptcy Code provides that "[t]he district court in which a case under title 11 is commenced or is pending shall have exclusive jurisdiction of all the property, wherever located, of the debtor as of the commencement of such case, and of property of the estate." 28 U.S.C. § 1334( e )(1 ). Because "[b]ankruptcy courts have exclusive jurisdiction over a debtor's property, wherever located, and over the estate," it follows that "the court's jurisdiction is premised on the debtor and his estate." Hood, 541 U.S. at 447, 124 S. Ct. at 1910 (citing 28 U.S.C. § 1334(e)). It is this aspect of a bankruptcy court's jurisdiction that "permits it to 'determine all claims that anyone, whether named in the action or not, has to the property or thing in question,"' in that "'[t]he proceeding is

"one against the world."'" Id. at 448, 124 S. Ct. at 1911 (quoting 16 J. Moore et al., Moore's Federal Practice §108.70[1] (3d ed. 2004)) (alteration in original). Accordingly, the court administering the bankrupt's estate-the res-is the court with the power to enter orders effecting its distribution and to "adjudicate rights in it that are binding against the world." Odyssey Marine, 657 F.3d at 1171 (quoting R.M.S. Titanic, 171 F.3d at 964) (internal quotation marks omitted), Alderwoods Group, Inc. v. Garcia (11th Cir. 2012) 682 F.3d 958, 969.). It follows that if the Court does not have jurisdiction over the res, it cannot adjudicate rights that are binding against the world. Plaintiff contends that everything that occurred in the Santa Rose case of In re Richardson 17-10293, after June 7, 2017, when the debtor received her discharge was void as it related to Plaintiff as the property was subject to the Court's jurisdiction in plaintiff's 4th and 5th bankruptcy case which issued orders extending the automatic stay.

Defendants have not shown how the recordation of the In Rem Order was an exception to the automatic stay and therefore, it cannot be said that it did not violate the automatic stay at this early stage without more evidence.

### C. Request for Leave to Amend

To the extent plaintiff's complaint does not set forth a claim. Plaintiff would requeste leave to amend.

Dated: 7/25/2019

/s/ Marc Voisenat
Marc Voisenat, Attorney for
George Charles Moore, Jr.